Good morning, and may it please the Court, Claire Cahill with Williams & Connolly for Petitioner Andrea Rodas Zafra. I'd like to reserve three minutes for rebuttal. Thank you, Your Honor. Through no fault of her own, Ms. Rodas Zafra was deprived of the opportunity to appeal the denial of her asylum application to the Board of Immigration Appeals when the Board denied her appeal as untimely. This Court should vacate the Board's decision for two independent reasons. First, Ms. Rodas Zafra is entitled to equitable tolling. As to extraordinary circumstances, she established before the Board and the government does not contest that the late filing was due to her attorney's misconduct and abandonment. What's the extraordinary circumstance about that? Abandonment is certainly an extraordinary circumstance, Your Honor. She missed the filing date, but why do you say that was abandonment? She was not working for much of the month of January, including on the day of the deadline itself. She didn't notify Ms. Rodas Zafra that she was sick and would not be filing the appeal, and it's very similar to the situation in Maples and in Gibbs and in Foley, where the attorney had promised to do something, was not communicating with their client, and then failed to do that. That's textbook abandonment under both this Court's precedent and the Supreme Court's precedent. I would also point out that even under the BIA's own description of extraordinary circumstances in Morales-Morales, there the Board described the extraordinary circumstances as a situation where reasonable expectations as to an event's occurrence did not occur. And the example that the Board gave there was a guaranteed delivery service failing to fulfill its guarantee. And if that would be an extraordinary circumstance, a delivery service failing to fulfill its guarantee, certainly an attorney promising to file a notice of appeal, then disappearing during the critical juncture. This is a 30-day period between when the immigration judge issued his decision and when the notice of appeal was due. So during that very short time frame, the attorney completely disappeared, was not representing Ms. Rodas Zafra, and that is, again, textbook abandonment and would qualify both under this Court's precedent and under the BIA's precedent. I would also like to briefly touch on her diligence. Ms. Rodas Zafra pursued her appeal with diligence. This Court in Busby and in Gibbs and in Luna has consistently held that a represented attorney acts with reasonable diligence, which is all that this Court requires, when relying on their attorney reasonably to do what they have promised. The government points to absolutely nothing in the record that suggests that Ms. Rodas Zafra's reliance on her attorney was not reasonable in this circumstance, and it points to nothing in the record that suggests that she was aware that she should have been doing something to preserve her appellate right. To the contrary, Ms. Rodas Zafra has been very diligent in her immigration case. She rehired her attorney shortly after the immigration judge issued his decision in December, again, December 12th, to file the notice of appeal. The record shows that she was very communicative with her attorney both before and after her attorney's illness, and there's, again, nothing in the record that suggests that Ms. Rodas Zafra was aware that her attorney was not doing as she had promised. Again, that is reasonable diligence under this Court's precedent. For her to somehow have found out that her attorney was ill and have tried to file pro se would be requiring her to show maximum feasible diligence, not reasonable diligence, which is all that this Court requires. I'd like to briefly respond to the government's point in their brief that Ms. Rodas Zafra did not exhaust her equitable tolling argument. She absolutely did exhaust her equitable tolling argument before the BIA. She specifically requested equitable tolling to the BIA. She cited extraordinary circumstances, specifically her attorney's conduct, not her own, that caused the late filing, and she said that she was diligent. Was she required to exhaust her ineffective assistance of counsel claim? She was not required to exhaust her ineffective assistance of counsel claim. Generally, this Court does require that to be raised in a motion to reopen. However, this case is on all fours with Hernandez-Mendoza, where an individual in that case couldn't necessarily exhaust their ineffective assistance of counsel claim because the motion to reopen deadline had passed, and that's exactly the case here. Ms. Rodas Zafra has filed a motion to reopen in front of the BIA, but it was after the 90-day statutory period. She's argued that she's entitled to equitable tolling there, but there's absolutely no guarantee that the BIA will actually review her ineffective assistance claim on the merits. And so, in Hernandez-Mendoza, this Court said that when there's no guarantee that this constitutional claim will be reviewed on the merits, that it can be appropriately raised in direct appeal. Is one of your arguments that the BIA did not give a reasoned explanation for its denial? Absolutely, Your Honor. We think that this two-sentence denial to Ms. Rodas Zafra's equitable tolling motion was an unreasoned decision. The BIA only said that it was denied because her attorney was sick, and then it said that she didn't set forth extraordinary circumstances. It never explains why the circumstances presented in her motion and in her statement are not extraordinary. I think that's a classic example of an unreasoned explanation. Actually, in a case that the government cites, Alcarez-Rodriguez, the Court held that there the BIA's one-sentence explanation, where it rejected a petitioner's personal circumstances as not presenting good cause to justify a late filing, with no further explanation, was a, quote, textbook example of an unreasoned explanation. And further, Your Honor, actually, in a decision that you authored last year, Lee v. Bondi, there the BIA also offered an unreasoned explanation and simply said that it wouldn't review an ineffective assistance of counsel claim because the ineffective assistance occurred in front of the Ninth Circuit, no further explanation. And this Court said that that was, shed no light on the reasons for the Board's denial of the ineffective assistance of counsel claim. And I think this is a very similar case. Here, we simply have the Board saying, you didn't set forth extraordinary circumstances, there's no further explanation there, and it simply doesn't shed light on why these weren't extraordinary circumstances. Just to circle back to the ineffective assistance of counsel claim, we do think that it was correctly presented here in the direct appeal, and we think that there's absolutely grounds for this Court to vacate on that basis. This it is obvious ineffective assistance of counsel for an attorney to fail to file a notice of appeal. Do you need to have followed the matter of Lozado procedural requirements set by the BIA? No, Your Honor. Again, in Hernandez-Mendoza and also in Castillo-Perez, the Court held where there's obvious ineffective assistance of counsel based on the face of the motion, in that case, you don't need to proceed with Lozado. And you're saying it's obvious because the abandonment issue is obvious on its own? The failure to file a notice of appeal is obvious on its own, and that's what the Court held in Shung v. INS. Simply failing to file a notice of appeal is obvious ineffective assistance of counsel. Similarly, in Hernandez-Mendoza, the Court held that failing to file a necessary application or appeal is constitutionally deficient performance. So here there's absolutely no question that the appeal was not filed timely, and so that is a due process violation. The question then turns to prejudice, and again, this Court in Derringer has held that where an appeal has not been filed, there's a presumption of prejudice. Now, that's certainly a rebuttable presumption, but the government here has not offered any sort of rebuttal to the presumption of prejudice, and therefore, Ms. Rozafra was prejudiced. And she was effectively denied any ability to challenge the merits of the I.J.'s decision? Completely, Your Honor. If the Court has no further questions, I will reserve the remainder of my time for rebuttal. Thank you, counsel. May it please the Court, Robert Tennyson for the government. I believe there's a miscarriage, or at least a different characterization of this case that the government has from what the petitioner has claimed. There is a single issue in this case, and that is whether or not the board abused its discretion by finding that petitioner's prior counsel's undisclosed illness was an extraordinary circumstance meriting equitable tolling. All of the other discussion of ineffective assistance of counsel, on which that is premised, is unexhausted, and in fact, can't be inferred from the record because that's not the argument that was put before the board. Why isn't this an extraordinary circumstance? If the counsel falls ill and doesn't communicate her illness and her inability to file a timely appeal, why isn't that an extraordinary circumstance? Right. So the record here, all we have is the statement of petitioner's prior counsel, and that was, I was in contact with my client before the illness, I was in contact after the illness. We know that she was attempting to put together a notice of appeal between the time that the board issued its decision on December 12th of 2023 and when it was due on January 11th. That's all we know. And while this may be, you know, may constitute ineffective assistance of counsel, the failure to file, but it's not what was before, and I don't hear what you're saying, so don't drop it off. Got it. But the failure to file, right, I mean, or the illness is not an extraordinary circumstance. You look at Morales-Morales. It refers over to Holland, right? And in Holland, it talks about garden variety neglect by attorneys and failing to file things. This wasn't neglect on her part. I mean, she was ill. She couldn't file a notice. That is correct. But it is, we don't know, well, let's step back. We don't know how severe her illness is because she doesn't, she never discloses what that illness is. She just says, I was ill and therefore I was just too sick to get this done. This is not the kind of case, say, in Holland v. Florida or, you know, Morales-Morales, where, identified, where something completely outside of the control of counsel prevented her from actually filing it. Her illness, yes, it's a terrible circumstance. I mean, her motion says it was a serious illness that caused her to have reduced immune system. Right. She has, she doesn't communicate with her client for a month. The deadline passes. Isn't that effectively abandoning the client? This isn't. So that is a thing that could be raised in a motion to reopen. But here on this record, we don't know enough to know. That's the problem, is that all we have. Well, what we don't know enough to know is why the BIA thought it wasn't an extraordinary circumstance, because it didn't give any explanation about it. I think the board did. I mean. I mean, it mentions counsel's illness, but that's pretty much the extent of it. Mentions counsel's illness. It mentions, it reviewed the reasons, and then it says that it was an extraordinary circumstance, citing Morales-Morales. If you can look at Morales-Morales, Morales-Morales is very clear that, you know, one, that just sort of garden variety failures aren't going to cut it. That it has to be something like, you know, someone's put something in the mail, guaranteed delivery, and the guaranteed delivery fails. An illness is something where you can find other counsel. You can find someone else potentially to do the work. But if you don't know that your own attorney's ill and that they're not handling the notice of appeal, that seems pretty extraordinary to me. But it's up to the board. But this is an abuse of discretion standard. So, under that standard, I mean, it's, the board is not acting in any way irrationally by finding that in this circumstance, there's just not enough there to make that call. And don't forget, the board pointed out in Morales-Morales, one of the crucial things is that filing a notice of appeal isn't particularly hard. It just requires checking a couple of boxes, signing a name, and, you know, filing with the board, paying a filing fee. It's a very quick thing. She could have filed this notice of appeal within days after the decision. May I ask a question? She said she couldn't file it. She was too ill to file it. Correct, Your Honor. And so, therefore, she didn't. But that's not even the worst thing. She didn't give her client even the chance to get another attorney in time or to get an extension to file, to do her counsels, or there was just nothing there. So, what is the, what is Zafra to do under that circumstance? The challenge is, is we don't know from what was filed whether or not that's the case. We know that she spoke to her before. We know after. We don't know how long the period of illness was exactly. It may very well have been that she talked to her client. I think if you were to look at what was filed before the board, that may not be the case. But on the record that we have here, we just don't know. We don't know enough to know if there's abandonment. You mentioned the scope of review or the abuse of discretion standard. Is it your position that there's not enough evidence in the record to compel a decision contrary to what the board arrived at saying it's not extraordinary? Well, that's a substantial evidence, sir. We don't know enough evidence? Or that we don't have enough evidence such that, or there's not enough evidence of the things that claims are the case now, that the board acted irrationally or unreasonably in making the decision that it made. But it didn't tell us its reasons. It just told us our conclusion, which was not extraordinary, but it didn't say why it was not extraordinary. Is that the problem? I believe the board did more than that. And under Ming Dai, I mean, the thing is, it may not be perfect clarity, but if you can figure out how they came to that result, then that's what this court should do. And it's clear they talked about the illness. They mention it. They say they've reviewed the record. They say, and then they say, this isn't an extraordinary circumstance, citing morales, morales. Can I ask you, counsel, I think this is an, I mean, are you arguing that this is an ordinary circumstance that a client is abandoned by their attorney to the extent of not giving them a chance to have the merits of their case reviewed? Ken, the challenge is how much we know. And that is the problem in this case, is that we just don't know enough to know if it was abandonment. That is the reason why. And I, you know, the petitioner can file a motion to reopen where all of this can be vetted, where we can have a declaration of the petitioner, where we can have, I mean, the WSSADA requirements complied with so we know there wasn't any self-dealing or any of those things. And then if the board denies the motion to reopen, the petitioner can come back and say, look, this record does show abandonment. This record does show, you know, that it, that this was a wholesale collapse in her professional, you know, in her obligations to represent her client. But right now we don't have that. She did file a motion to reopen. That is correct. It's untimely. So what is she supposed to do to get that reviewed? She can argue that that motion, that motion itself should be equitably told. I mean, she's got equitable tolling arguments there as well. And in fact, she makes those arguments in her motion to reopen. But you're also arguing that there's no extraordinary circumstances here. So wouldn't that be the agency's position on the tolling of the motion to reopen? So what would be the, that may be the point of the motion to reopen is to show that those extraordinary circumstances do exist in the way that we just can't, that the board just couldn't find and reasonably could not find in the motion that was before it when it denied, you know, when it denied equitable tolling. I mean, is it really the case that we don't know enough? Part of her statement attached to the motion for the late filing is that she says, I spent, I unfortunately felt ill, fell ill and spent most of January too ill to work, currently under the care of a family physician and hepatologist due to a serious medical condition. Are you saying that she needed to assign specific dates to the month of January where she wasn't working or in contact with her clients and that that's what carries it over? What's the missing detail that would have made that some indication she says it's serious, you know, maybe perhaps saying this is my illness, provide a copy of, and this is a challenge, but provide some sort of substantiation of that, but show that she absolutely, and that she attempted to reach out to her client and persuade her client to go and find other counsel to find the, you know, to file the notice of appeal, something that shows that she attempted to do what she needed to, what she could do, and that because of circumstances outside of her control, that all was, you know, the filing. Is what you seem to be saying, at least to me, is that the BIA could just disbelieve her. Or that's what you're saying by saying, you know, some kind of collusion or something. I don't think it's disbelief. I think it's just not knowing how severe this is. She says it's serious, but we don't know from what she has told us how serious it is. I think we go back to then, but the BIA did not give that as a reason. I believe that by referencing Morales-Morales and sort of the standard that was there, that it just from just finding that there is an illness, or that there is a serious illness, that you can't conclude there's anything more than potentially garden variety of neglect. That there's not something that just absolutely posed a bar in some way, form, or fashion to her being able to file that appeal, that notice of appeal. She mentioned in her statement that she was under the care of a family physician and a hepatologist. Right. Due to a serious medical condition. Right. And, but she's, if you also look at it, she's been under this care since before she actually even, if I remember correctly, before she even entered into the representation. It was up and down and up and down. So it's quite possible that, you know, the client, Rodas Zafra, knew this to be the case going in. That this is not somehow. Speculation. That's speculation. That's speculation. But any kind of thing, any kind of question about resolving whether or not this is abandonment, or whether or not she's, you know, substantially falling down, whether or not she was prohibited. What we, what you have before requires some degree of inference and speculation to determine whether or not it is adequate. And the board could reasonably look at it and say, this is just, this is illness. We don't know enough to know more under moralis moralis. So therefore, there aren't extraordinary circumstances. Are you, are you arguing that the attorney wasn't really as badly injured as to stop her from being able to, to file a notice of appeal? I'm not arguing that she wasn't, I'm arguing that we don't know. That what she provided was just insufficient to cross the, to cross the threshold. We do know based on her statement, which is the only evidence we have, that she was too ill to file the appeal notice. That is a very, again, that is a subjective evaluation. More substantial evidence, I mean, more substantive evidence would be needed. And that is the kind of thing, I mean, she could have said more. She could have said, these are the dates. This is the illness. You know, it causes these kinds of symptoms. This is the reason why I could not follow through. And all we have is this general statement of, I was too ill to do that. It is, you know, not to say anything bad about the high, the middle school students behind me. That's sort of a general garden variety of why you don't turn in your homework. Yeah, I was too ill to do it. And that is garden variety. That is at best garden variety neglect. This court has no further questions. Well, I doubt that any of the students that are sitting behind you would make up an excuse for not turning in their homework. All right. If this court has no further questions for me. No other questions. Thank you. Thank you, Your Honors. Three points for rebuttal. First, the government says that we don't know, have enough to know whether or not this is an extraordinary circumstance. But what the motion explicitly says is that Ms. Rotisoffer's attorney stopped working for much of the month of January. It really doesn't matter how serious her illness was. For her to stop working during the month of January, which is the critical time in her case when the notice of appeal was due, that is abandonment. And under this court's precedence, abandonment is always characterized as an extraordinary circumstance. I haven't heard the government explain why abandonment would not be considered an extraordinary circumstance. And so because her attorney stopped working, she didn't notify Ms. Rotisoffer that she wasn't filing the notice of appeal. It doesn't even appear from the record that Ms. Rotisoffer's attorney was even aware that she had missed the notice of appeal until she returned to work later in the month. She was not effectively representing her client in any meaningful sense. And so that would be an extraordinary circumstance. Second, on ineffective assistance of counsel, I still haven't heard the government distinguish Hernandez-Mendoza, which is on all fours of this case, where again, it's ineffective assistance of counsel for an attorney not to file a necessary application or appeal. And it's obvious ineffective assistance of counsel under this court's precedent in Xiong to not file a timely notice of appeal. And again, she's entitled to the presumption of prejudice. So the court should vacate on that basis. The court should vacate the board's decision on either ground, equitable tolling or on ineffective assistance of counsel and allow the board to proceed to the merits of her appeal. However, at the very least, the board has not offered a reasoned explanation here for denying Ms. Rotisoffer's appeal. It didn't say that there just wasn't enough evidence of abandonment or that there wasn't enough, that it was because it didn't understand how serious the illness was. It simply said that she didn't set forth extraordinary circumstances. The government can't just supply the board's reasoning here. So at a minimum, this court should remand for the reasoned decision by the board. However, again, we would urge the court to vacate the board's decision on either the equitable tolling ground or on the ineffective assistance of counsel ground and allow the board to hear the merits of her appeal. Thank you, Your Honors. Thank you, counsel. Thank you both for your helpful arguments. And the matter will stand submitted.
judges: WARDLAW, BEA, SANCHEZ